## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAVID AND BRENDA STANLEY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-05-622-M |
| | ) | |
| FARMERS INSURANCE COMPANY, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER

Before the Court is defendant's Motion for Award of Attorney Fees against Plaintiffs [docket no. 72], filed November 8, 2006. On November 27, 2006, plaintiffs filed their response, and on December 29, 2006, defendant filed its reply.

I.      Discussion

Plaintiffs filed this action against defendant for breach of contract and bad faith. On October 25, 2006, the Court entered judgment on both claims in favor of defendant against plaintiffs. Defendant now moves for attorney fees pursuant to Okla. Stat. tit. 36, § 3629(B).[1]

A.      Entitlement

Section 3629(B) provides, in pertinent part:

> It shall be the duty of the insurer, receiving a proof of loss, to submit a written offer of settlement or rejection of the claim to the insured within ninety (90) days of receipt of that proof of loss. Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party. For purposes of this section, the prevailing party is the insurer in those cases where judgment does not exceed written offer of settlement. In all other judgments the insured

_____

[1]"In a diversity case, the matter of attorney's fees is a substantive legal issue and is therefore controlled by state law." *N. Tex. Prod. Credit Ass'n v. McCurtain County Nat'l Bank*, 222 F.3d 800, 817 (10th Cir. 2000).

shall be the prevailing party. . . .

Okla. Stat. tit. 36, § 3629(B).

Before an attorney fee may be awarded to a defendant insurer under Section 3629(B), the following three conditions must be met: (1) plaintiff made a proof of loss to defendant under an insurance policy; (2) defendant submitted a written offer of settlement or rejection of the claim within ninety (90) days of receipt, and (3) defendant is the prevailing party within the meaning of Section 3629(B).[2] *See Dayton-Hudson Corp. v. Am. Mut. Liab. Ins. Co.*, 526 F. Supp. 730, 733-34 (W.D. Okla. 1981). If the above three conditions have been met, an award of attorney fees and costs under Section 3629(B) is mandatory. *Stauth v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 236 F.3d 1260, 1267 (10th Cir. 2001).

Plaintiffs assert that defendant did not make a written rejection of the proof of loss within the statutory ninety days. Specifically, plaintiffs contend they first gave notice of their claim when they telephoned their agent and advised him of their problems with their house as early as 2001 and that defendant did not make a written rejection until February 12, 2004. Defendant, however, asserts that it did make a timely written rejection of the proof of loss. Defendant contends plaintiffs did not make a proof of loss until December 16, 2003, when they submitted their formal notice of claim and that its February 12, 2004 written rejection was, therefore, timely. The Court, thus, must determine whether the notice to the agent or the formal notice of claim is the requisite "proof of loss" as contemplated by Section 3629(B).

"The plain language of Section 3629 shows the statute's purpose to encourage prompt

---

[2]There is no dispute defendant is the prevailing party in this case. There is also no dispute that plaintiffs made a proof of loss to defendant under the policy; however, when the requisite proof of loss was made is disputed.

settlement of claims, in part by offering prevailing party attorney fees." *Ass'n of County Comm'rs of Okla. v. Nat'l Am. Ins. Co.*, 116 P.3d 206, 212 (Okla. Civ. App. 2005).  Thus, Section 3629 is triggered by notice from an insured that he is making a claim to recover under his policy and not simply by notice from an insured that a loss has occurred.  The Court, therefore, must determine the purpose of plaintiffs' verbal notice to their agent in 2001.

Having carefully reviewed the evidence, the Court finds that plaintiffs' verbal notice to their agent was merely for the purpose of advising their insurance company that a loss had occurred and not for the purpose of making a claim under their policy.  Both plaintiffs testified in July, 2003, that they had not made any claims against their homeowners insurance with respect to the water damage at issue in this case.  *See* Deposition of David Stanley at p.68, ll. 19-22, attached as Exhibit 13 to defendant's Motion for Summary Judgment and Brief in Support; Deposition of Brenda Stanley at p. 130, ll. 12-16, attached as Exhibit 14 to defendant's Motion for Summary Judgment and Brief in Support.  Additionally, in an October 28, 2003 letter from plaintiffs' attorneys to defendant, plaintiffs' attorneys state:

> This is . . . to update you regarding the pending notice of a <u>potential</u> claim under the Policy for water damage to the Residence Premises arising from a covered peril under the Policy during the policy period.  As you are aware, the Stanleys notified Farmers in December 2001 of this <u>potential</u> claim.  At that time, the Stanleys advised Farmers that they were pursuing claims against the contractor and subcontractors who constructed the Resident Premises and that the Stanleys were only notifying Farmers for the purpose of preserving their rights under the Policy should their damages not be fully covered through their pursuit of claims against the contractors.  Farmers agreed with <u>the Stanleys' plan to exhaust their remedies against the contractors before asking reimbursement from Farmers</u>.

October 28, 2003 letter, attached as Exhibit 1 to defendant's Reply in Support of Its Motion for Award of Attorney Fees (emphasis added).  Based upon the above, the Court finds that plaintiffs

3

clearly were not making a claim when they verbally notified their agent in 2001 and that for purposes of Section 3629(B), said verbal notice was not a "proof of loss."

Further, the Court finds that plaintiffs did not make a "proof of loss" for purposes of Section 3629(B) until December 16, 2003, when they submitted their formal notice of claim. The Court, thus, finds that defendant's February 12, 2004 written rejection was submitted within ninety days of receipt of the proof of loss and was, therefore, timely under Section 3629(B). Accordingly, the Court finds the three conditions for an award of attorney fees under Section 3629(B) have been met and defendant is entitled to an award of attorney fees.

> B.     Amount of award

In its motion, defendant requests $80,638.00 in attorney fees. Defendant asserts these fees are reasonable in light of (1) the voluminous deposition transcripts and trial transcripts from the underlying action which had to be reviewed in order to prepare for summary judgment briefing and trial; (2) the discovery issues raised by plaintiffs; and (3) the substantial dispositive and pretrial motions briefed by the parties. Plaintiffs assert that this request is not reasonable because it includes excessive and duplicative hours, particularly in relation to the time spent preparing defendant's motion for summary judgment.

Oklahoma follows a two-step procedure for determining a reasonable attorney fee. *State ex rel. Burk v. City of Okla. City*, 598 P.2d 659 (Okla. 1979). The first step is to determine the "lodestar" by multiplying the total hours reasonably expended times a reasonable hourly rate for each attorney. *Id.* at 661. The second step is to determine whether an adjustment to the lodestar amount is warranted based upon the following twelve guidelines:

> 1.     The time and labor required;
> 2.     The novelty and difficulty of the issues;

3.      The skill requisite to perform the legal service properly;
4.      The preclusion of other employment by the attorney due to the acceptance of the case;
5.      The customary fee;
6.      Whether the fee is fixed or contingent;
7.      Time limitations imposed by the client or the circumstances;
8.      The amount involved and the results obtained;
9.      The experience, reputation and ability of the attorneys;
10.     The "undesirability" of the case;
11.     The nature and length of the professional relationship of the client; and
12.     Awards in similar cases.

*Id.*[3]

Having carefully and thoroughly reviewed the billing statement[4] attached to defendant's motion for attorney fees, as well as the parties' submissions on this issue and the court file itself, the Court finds, with the exception of the time spent preparing the motion for summary judgment, that the time spent by defendant's attorneys was reasonable. The Court finds that additional time was necessary in this case in light of the prior litigation between plaintiffs and the builder of their residence and in light of the number of unusual issues that the prior litigation raised in this case; the instant action was not the typical breach of contract/insurance bad faith case.

However, defendant's attorneys spent 78.3 hours preparing the motion for summary judgment; 54.9 hours of that time was spent by Lance E. Leffel, an associate. Although there were a number of unusual issues in this case, the Court finds that the amount of time defendant's attorneys spent preparing the motion for summary judgment was excessive and that the time spent by Mr.

_____

[3]In its motion, defendant states that while application of these factors show that it would be entitled to an enhancement of the fees, it is not requesting one. Because defendant is not seeking an enhancement, the Court will not address this issue.

[4]The Court would note that the billing statement provides sufficient detail for this Court to determine the reasonableness of the time spent by defendant's attorneys.

Leffel should be reduced by one-fourth.  Accordingly, the amount of time billed for Mr. Leffel should be reduced by 13.7 hours.

Finally, the Court finds that the hourly rates charged for the work performed by defendant's attorneys are reasonable based upon what lawyers of comparable skill and experience practicing in Oklahoma would charge for their time.  In fact, the Court would note that the hourly rates charged in this case are actually less than defendant's attorneys' normal hourly rates.  The Court would also note that plaintiffs have not challenged the hourly rates charged in this case.

II.     Conclusion

For the reasons set forth above, the Court GRANTS defendant's Motion for Award of Attorney Fees against Plaintiffs [docket no. 72] and AWARDS defendant $78,788.50 in attorney fees.

**IT IS SO ORDERED this 24th day of July, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE